UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:19-po-00195-LLK

**UNITED STATES OF AMERICA**                                                                             **PLAINTIFF**

**V.**

**JACOB WILCOXON**                                                                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the United States for restitution in the amount of $159.32 to alleged crime victim Forestry Officer Chris Holland (for his out-of-pocket medical expenses) and in the amount of $32,568.64 to alleged crime victim United States Department of Labor Office of Workers' Compensation Programs (DOL-OWCP) (for $21,561.64 in medical bills plus $11,007.00 in lost wages paid on Officer Holland's behalf). [Doc. 37]. Defendant filed a motion to quash restitution. [Doc. 29].

For the reasons below, the Court will GRANT Defendant's motion to quash restitution [Doc. 29] and DENY the United States' motion for restitution [Doc. 37].

### Procedural history

In June 2021, the Court conducted a bench trial and found Defendant guilty of failure to pay a recreation / camping permit fee in violation of 36 C.F.R. § 261.17 and "interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System" in violation of 36 C.F.R. § 261.3(a). A transcript of the bench trial is at Doc. 39.

In July 2021, Defendant filed the pending motion to quash restitution, to which the United States responded in opposition, and Defendant replied. [Doc. 29, 35, 36].

1

On August 16, 2021, the Court held a telephonic status conference regarding Defendant's motion to quash [Doc. 29] and the United States' anticipated motion for restitution.

In August 2021, the United States filed its motion for restitution. [Doc. 37]. The United States asserted, among other things, that, "[o]n August 16, 2021, this Court informed the parties that the defendant's motion [to quash restitution] would be denied, and ordered the United States to file the within brief setting forth the amount of loss." *Id.* at PageID.70-71. The United States further asserted that "[s]hould the Court find that a hearing is necessary for the parties to present proof and oral argument on the restitution issue, the United States is prepared to offer testimony from a representative of OWCP and C.H. to further establish their respective losses." *Id.* at PageID.74.

In September 2021, Defendant filed his response to the United States' motion for restitution, arguing that "[e]ntering an order of restitution without a hearing and evidence the amount sought is related to conduct that resulted in conviction would be an abuse of discretion." [Doc. 38].

### Defendant's 36 C.F.R. § 261.3(a) conviction

36 C.F.R. § 261.3(a) prohibits "[t]hreatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System." 36 C.F.R. § 261.3(a).

In July 2019, Defendant participated in a Rainbow Family Gathering at Land Between the Lakes National Recreation Area. [Doc. 39 at PageID.135].

Officer Holland testified that, on the afternoon of July 27, 2019, he drove his truck to the Nickel Branch campground. *Id.* at PageID.134. Upon arrival, someone was yelling "Six Up!" down toward swimmers in the water below, and Officer Holland contacted dispatch. *Id.* at PageID.135. In "Rainbow terms," "Six Up!" means "Police are here!" *Id.* Officer Holland eventually saw five or six people in the water below, in an inlet or slough with a steep embankment. *Id.* at PageID.136. Officer Holland saw Defendant swimming and yelled for him to come out of the water and speak with him, and he did so*. Id.*

2

Officer Holland told Defendant he needed to come up to Office Holland's truck to discuss the camping permit fee and his dogs being off leash. *Id.* at PageID.137.

Officer Holland and Defendant proceeded uphill for a bit, and then Defendant stated he wanted to return to his friends. *Id.* at PageID.138. Officer Holland called in reinforcement on his radio and told Defendant to keep moving. *Id.* Officer Holland informed Defendant that, "if you're not gonna comply with my commands, I'm gonna, basically, escort you up the hill." *Id.* Officer Holland insisted they continue uphill for the purpose of citing Defendant for the recreation fee and dogs being off leash. *Id.* Defendant said, "No, we're not doing that today." *Id.*

Officer Holland testified that, "at that point, [Officer Holland] grabbed [Defendant's] shorts and his – I believe his right hand." *Id.* "[Defendant] was very wet and slick, and I couldn't – I couldn't keep my hands on him." *Id.* at PageID.139. "I pushed him with my left arm and something – or I heard something in my arm. I felt something that was burning." *Id.* "[Defendant] kept saying something about 'I'm not gonna take your citations.'" *Id.*

Officer Holland eventually got Defendant up against the hood of his truck and managed to place one handcuff on him. *Id.* at PageID.141. At that point, Defendant pushed back, and this exacerbated the earlier burning injury and/or caused additional injury. *Id.*

At the conclusion of all the evidence, the Court convicted Defendant of violating 36 C.F.R. § 261.3(a), finding as follows:

> As far as Count 1, 261.3(a), it is my finding that the issuance of citations is an official duty of the officer, and the defendant's acts in giving false -- or his statement that he would not accept a citation and the giving of citations is an official duty. I believe that his non-acceptance of the citations is interfering with the forest officer engaged in the performance of his official duties.
>
> But giving the false information, the wrong name or the spelling of the name, while that is more specifically a violation of 261.3(b), which specifically enumerates giving false, fictitious, or fraudulent report or other information to a forest officer, I believe that it would also constitute a violation -- giving the false information would interfere the officer with his official duties of issuing citations.

*Id.* at PageID.165-66.

### The Court's denial of Defendant's motion to quash restitution was without prejudice.

At the August 16, 2021 telephonic status conference, the Court denied Defendant's motion to quash restitution [Doc. 29] without prejudice as a procedural matter, to allow the United States to file the underlying motion for restitution. The denial was not on the merits because the Court was not satisfied that the statutory requirements for an order of restitution are satisfied in this case.

### The so-called "*Hughey* limitation" applies in this case.

District courts may order restitution under the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, or under the probation and supervised release statutes, 18 U.S.C. §§ 3563(b)(2), 3583(d). *Gall v. United States*, 21 F.3d 107 (6th Cir. 1994).

36 C.F.R. § 261.3(a) is not among the offenses listed as covered by the VWPA at 18 U.S.C. § 3663(a) or the MVRA at 18 U.S.C. § 3663A(c)(1)(A). Accordingly, the United States seeks restitution pursuant to the probation statute, 18 U.S.C. § 3563(b)(2). [Doc. 37]. 18 U.S.C. § 3563(b)(2) provides that the "court may provide, as further condition[] of a sentence of probation … that the defendant … make restitution to a victim of the offense under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A))." 18 U.S.C. § 3556 provides that the "procedures under section 3664 shall apply to all orders of restitution under this section." The "limitation of section 3663(a) or 3663A(c)(1)(A)," 18 U.S.C. § 3563(b)(2), refers to the list of specific offenses covered by the VWPA at section 3663(a)(1)(A) (not the definition of "victim" at 18 U.S.C. § 3663(a)(2)) and to the list of specific offenses covered by the MVRA at section 3663A(c)(1)(A) (not the definition of "victim" at 18 U.S.C. § 3663A(a)(2)). *See Gall v. United States*, 21 F.3d 107 (1994).

In *Hughey v. United States*, 495 U.S. 411 (1990), Hughey pled guilty to and the district court convicted him of a single count of unauthorized use of a credit card, an offense listed as covered by the

4

VWPA at 18 U.S.C. § 6336(a), which resulted in $10,412 in losses to a single victim. The district court ordered restitution of $90,431 to cover the losses of all victims. The Supreme Court reversed, holding that the "loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." *Id.* at 420. This is the so-called "*Hughey* limitation."

Similarly, in *Gall v. United States*, 21 F.3d 107 (1994), Gall pled guilty to and the district court convicted him of a single drug count resulting in losses to a single victim. The district court ordered restitution to cover the losses of all victims. The district court attempted to distinguish *Hughey* on the ground that the United States sought restitution under the probation and supervised release statutes, 18 U.S.C. §§ 3563(b)(2), 3583(d), rather than the VWPA or the MVRA. The Sixth Circuit reversed, holding that, notwithstanding this distinction, the "*Hughey* limitation" applies. *Id.* at 110.

Every circuit court that has considered the issue has held that the "*Hughey* limitation" applies to restitution ordered under 18 U.S.C. § 3563(b)(2). *United States v. Penn*, 969 F.3d 450, 459 (5th Cir. 2020) (collecting authorities); *United States v. Varrone*, 554 F.3d 327, 334 (2d Cir. 2009) (same) (citing *Gall*).

**A proximate cause limitation applies in this case.**

After *Hughey* and *Gall* were decided, the VWPA and the MVRA were amended to define "victim" as a "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. §§ 3663(a)(2), 3663A(a)(2).

A proximate cause limitation on restitution applies in this case for three reasons.

First, in support of its holding that the *Hughey* limitation applies to restitution sought under the probation and supervised release statutes, 18 U.S.C. §§ 3563(b)(2), 3583(d), *Gall* relied on a similarity of emphasis in both *Hughey* and the 18 U.S.C. § 3663(a) on "the offense":

> 18 U.S.C. § 3583(d) permits a sentencing court to order "... as a further condition of supervised release, ... any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate." 18 U.S.C. § 3563(b)[2] permits a sentencing court to order a defendant specifically to "... make restitution to a victim of the offense under sections 3663 and 3664 (but not subject

5

> to the limits of § 3663(a)) ..." as a special condition of probation. As previously noted, 18 U.S.C. § 3663 and § 3664 codify the VWPA. The limitation language of § 3663(a), mandates the application of the VWPA only to offenses violating Title 18 or certain subsections of § 902 of the Federal Aviation Act of 1958. 18 U.S.C. § 3563(b)[2], the probation provision cited by the supervised release statute, however, expressly negates this limitation where restitution is ordered as a condition of probation or supervised release. Thus, the district court, in the case at bar, had the authority to order restitution as a condition of supervised release following a 21 U.S.C. § 841(a)(1) conviction. This restitution, pursuant to the plain language of the probation provision, 18 U.S.C. § 3563(b)[2], falls squarely within the purview of the VWPA. It follows that because restitution in the instant case was ordered in accordance with the VWPA, the Hughey mandate, which restricts restitution orders to losses arising from offenses of conviction, must apply. Though Hughey was decided May 21, 1990, three months after Gall was sentenced, a panel of this court held that Hughey applies retroactively to sentences imposed before May, 1990. United States v. Guardino, 972 F.2d 682, 687, n. 7 (6th Cir.1992).
>
> The application of Hughey to the instant case is bolstered by an examination of 18 U.S.C. § 3563(b)[2] and VWPA §§ 3663(a) and 3664(a). All three provisions refer to compensation for losses to victims of "**the offense**." Since the Hughey court focused on this language in reaching its decision, it would seem the Hughey limitation should similarly apply to that language where ever it appears. See Hughey v. United States, 495 U.S. at 417–419, 110 S.Ct. at 1983–1984. Further, in construing this language, the Hughey court also invoked the rule of lenity as an added ground for limiting the application of the VWPA to offenses of conviction. Hughey v. United States, 495 U.S. at 422, 110 S.Ct. at 1985. Such lenity should also apply to the construction of the identical words in § 3563(b)[2]. Finally, a panel of this court, in United States v. Guardino, stated its belief that the Supreme Court in Hughey "... strongly implied that a restitution order may not go beyond the counts of conviction under any circumstances." United States v. Guardino, 972 F.2d at 687.

21 F.3d at 109-10 *(emphasis added)*.

In light of the legislative changes referenced above, 18 U.S.C. § 3563(b)(2)'s "victim of the offense" language is now virtually identical to that of 18 U.S.C. § 3663(a)(2). Therefore, in light of *Gall*'s reasoning, restitution under 18 U.S.C. § 3563(b)(2) now arguably falls within the purview of 18 U.S.C. § 3663(a)(2)'s definition of "victim."

Second, the VWPA / MVRA definition of "victim" is said to have "incorporated the core principle of *Hughey*." *United States v. Chalupnik*, 514 F.3d 748, 752 (8th Cir. 2008). *Gall* held that *Hughey* applies even if restitution is sought under 18 U.S.C. § 3563(b)(2). Therefore, imposing a "proximate causation standard would be consistent with the Supreme Court's decision in *Hughey*." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 151 (D.D.C. 2012).

6

Third, 18 U.S.C. § 3563(b)(2) authorizes restitution only to the extent that it is "reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)."  18 U.S.C. § 3553(a)(1) and (a)(2) are the factors courts must consider in determining the sentence to be imposed.  Among the factors are the needs to provide just punishment for the offense and to afford adequate deterrence to criminal conduct.  Factors 3553(a)(2)(A) and (B).  In this case, it would be unjust and it would not result in any deterrence to impose $32,727.96 in restitution on Defendant for injury that was not proximately caused by his "interfering with any forest officer engaged in or on account of the performance of his official duties" in violation of 36 C.F.R. § 261.3(a).

**Restitution is inappropriate in this case because**
**Officer Holland's injury was not proximately caused by the offense conduct.**

"The requirement that the victim be 'directly and proximately harmed' encompasses the traditional 'but for' and proximate cause analyses."  *In re McNulty*, 597 F.3d 344, 350 (6th Cir. 2010).  The requirement contemplates that the "harm to the victim [must] be closely related to the conduct inherent to the offense, rather than merely tangentially linked."  *Id.* at 352.

At the conclusion of the bench trial, the Court identified the "specific conduct that is the basis of the offense of conviction" as contemplated by *Hughey v. United States*, 495 U.S. 411, 413 (1990).  That conduct was Defendant's "non-acceptance of the citations" and his "giving the false information, the wrong name or the spelling of the name."  [Doc. 39 at PageID.165].  Neither Officer Holland nor DOL-OWCP was directly and proximately harmed by Defendant's "interfering with any forest officer engaged in or on account of the performance of his official duties." 36 C.F.R. § 261.3(a).  Therefore, restitution is inappropriate in this case.

Admittedly, restitution might have been appropriate if Defendant had been charged with[1] and convicted of "resisting … any forest officer engaged in or on account of the performance of his official duties." 36 C.F.R. § 261.3(a). If Defendant had been charged with resisting, the United States' theory of prosecution would have been that Officer Holland was injured while Defendant was resisting arrest. Officer Holland testified that, "at that point [before the uphill trek to Officer Holland's truck had begun], I grabbed [Defendant's] shorts and his – I believe his right hand." [Doc. 39 at PageID.138]. At that point, Officer Holland constructively arrested Defendant. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("We conclude that a person has been 'seized' within the meaning of the Fourth Amendment … if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."). The United States might have offered testimony to the effect that Officer Holland was authorized to arrest individuals for not accepting petty offense citations. This would have made "resisting … [Officer Holland while] … engaged in or on account of the performance of his official duties," 36 C.F.R. § 261.3(a), the proximate cause of Officer Holland's injury.

Admittedly, Defendant's interference with performance of Officer Holland's official duties was the "but for" cause of Officer Holland's injury. Nevertheless, the interference occurred before the injury, at a time when the injury was not reasonably foreseeable. The trial testimony reflects that significant events intervened between Defendant's interference and Officer Holland's injury, including Officer Holland's having apparently left his paperwork and handcuffs in his truck before going downhill to encounter Defendant, Officer Holland's subsequent constructive arrest of Defendant, "very wet and slick"

---

[1] In fact, Defendant was charged with interfering, not resisting. [Doc. 1]. This fact alone arguably precluded the United States from pursuing a resisting theory of prosecution for the reasons identified in *United States v. McDill*, 871 F.3d 628 (8th Cir. 2017). In *McDill*, the Eighth Circuit interpreted 28 U.S.C. § 261.3(c), which prohibits "threatening, intimidating, or intentionally interfering," as requiring that the theory of conviction correspond to the charge. McDill was charged with intentionally interfering but was convicted of threatening and intimidating. The Eighth Circuit reversed, holding that McDill was "subjected to a constructive amendment that prejudiced his Sixth Amendment notice rights." *Id.* at 632.

conditions ("I couldn't keep my hands on him"), and a false step on the way uphill by Officer Holland that resulted in a "burning" sensation. [Doc. 39 at PageID.139]. In other words, the injury was not "closely related to the conduct inherent to the offense," but rather "tangentially linked." *In re McNulty*, 597 F.3d 344, 352 (6th Cir. 2010).

**This is not an appropriate case for the Court to exercise discretion to award restitution.**

Even if Officer Holland's injury was proximately caused by the offense conduct, this is not an appropriate case for the Court to exercise discretion to award restitution.

Under the VWPA, before exercising discretion to award or decline to award restitution, the Court must consider three statutory factors. Specifically:

> (i) The court, in determining whether to order restitution under this 18 U.S.C. §, shall consider --
>
>> (I) the amount of the loss sustained by each victim as a result of the offense; and
>>
>> (II) the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate.
>
> (ii) To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this 18 U.S.C. § outweighs the need to provide restitution to any victims, the court may decline to make such an order.

18 U.S.C. § 3663(a)(1)(B).

The foregoing factors apply generally to an exercise of discretion to award or decline to award restitution for any offense, including those not listed in either 18 U.S.C. § 3663(a)(1)(A) or 18 U.S.C. § 3663A(c)(1)(A). *See In re Brown*, 932 F.3d 162 (4th Cir. 2019); *United States v. Ganoe*, 758 F.Supp.2d 1052 (E.D. Cal. 2010).

In *In re Brown*, 932 F.3d 162 (4th Cir. 2019), a magistrate judge convicted Boone of violating 36 C.F.R. § 4.23(a)(2) (driving with a blood alcohol concentration of .08 or above). Boone injured Brown in an automobile accident, and the United States sought restitution on Brown's behalf. The magistrate judge

9

declined to order restitution, finding that "the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims." 18 U.S.C. § 3663(a)(1)(B)(ii). The Fourth Circuit held that the magistrate judge invoked the correct statute but remanded for further articulation of the 18 U.S.C. § 3663(a)(1)(B) factors.

Similarly, in *United States v. Ganoe*, 758 F.Supp.2d 1052 (E.D. Cal. 2010), a magistrate judge convicted various miners of various 36 C.F.R. § 261 violations due to damage to United States property. "Since imposing restitution as a term of probation under § 3563(b)(2) is discretionary, reference to the statutory factors a court should consider in declining to impose restitution is relevant." *Id.* at 1070 (referencing 18 U.S.C. § 3663(a)(1)(B) factors). The magistrate judge declined to order restitution because:

1. The property damage was negligently, not intentionally, caused. "A restitution award in a criminal case should not represent compensation for harm resulting from an act that might only be considered negligence in a civil setting." 758 F.Supp.2d at 1073.

2. The United States sought a restitution award that was substantially greater than the maximum fine for the underlying Class B misdemeanor convictions. "[D]efending a client in Class B misdemeanor prosecution, poses significant differences than defending a client in a … case involving complex issues of causation and damages." *Id.* at 1074.

3. A portion of the injury was attributable to actions of individuals other than the defendants. If sued civilly, the defendants would have had a right to discovery and a trial by jury on the issue of comparative fault. "Here, the court finds that restitution is a poor substitute for civil litigation." *Id.* at 1073.

This is not an appropriate case for the Court to exercise discretion to award restitution because:

1. There is no evidence that Defendant intentionally caused Officer Holland's injury.

2. The United States seeks restitution in the amount of $32,727.96. The maximum fine is $5,000.00.[2]

3. Some of Officer Holland's injury may be attributable to his having left his paperwork and handcuffs in his truck, his decision to constructively arrest Defendant for not accepting a petty offense citation, and any pre-existing medical conditions.

As in *United States v. Ganoe*, "restitution is a poor substitute for civil litigation." 758 F.Supp.2d at 1073.

### ORDER

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to quash restitution [Doc. 29] and DENIES the United States' motion for restitution [Doc. 37].

April 12, 2022

Lanny King, Magistrate Judge
United States District Court

---

[2] 36 C.F.R. 261.1b provides that [a]ny violation of the prohibitions of this part (261) shall be punished by a fine of not more than $500 or imprisonment for not more than six months or both pursuant to title 16 U.S.C., section 551, unless otherwise provided. *United States v. Ganoe*, 758 F. Supp. 2d 1052, 1056 (E.D. Cal. 2010). Part (261) prohibitions are defined as Class B misdemeanors under 18 U.S.C. 3559(7); and are classified as "petty offenses" pursuant to 18 U.S.C. 19. *Id.* Under 18 U.S.C. 3571(b)(6), the maximum fine was increased to $5,000. *Id.*